NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2007[*]
Decided July 25, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1587

| | |
|---|---|
| JAMES A. ZEIDLER,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>A&W RESTAURANTS, INC.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 03 C 5063<br><br>Wayne R. Andersen,<br>*Judge.* |

## O R D E R

James Zeidler appeals from the district court's order awarding A&W Restaurants, Inc. ("A&W") $170,750.10 in attorney's fees and $4,839.55 in costs. Zeidler, who operated an A&W restaurant pursuant to a license agreement, sued A&W alleging breach of contract, wrongful termination under the Illinois Franchise Disclosure Act, and fraud. The court granted A&W summary judgment on all of

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Zeidler's claims, and we affirmed. *Zeidler v. A&W Rests., Inc.*, 219 F. App'x 495, 499 (7th Cir. 2007) (unpublished order). A&W sought to recover its fees and costs under a provision of the license agreement entitling A&W, as the prevailing party, to those expenses:

> If the Company prevails in any legal proceeding initiated by either the Company or the Licensee to construe or enforce the terms, conditions or provisions of this Agreement, including its termination provisions, or to obtain damages or other relief to which either may be entitled by virtue of this Agreement, the Licensee shall pay to the Company its attorneys' fees and costs.

Zeidler opposed the motion, arguing for the first time that the license agreement was unenforceable because "there was not a meeting of the minds" in its formation. He also argued that the amount of fees was unreasonable. The district court concluded that the license agreement was enforceable and the requested fees reasonable, and it awarded A&W its fees and costs in full. The court noted that Zeidler must have been aware of the fee provision because his brother, Russell, was ordered to pay $150,000 in attorneys' fees after losing a case against A&W involving a similar license agreement. *See Zeidler v. A&W Rests., Inc.*, 301 F.3d 572 (7th Cir. 2002).

On appeal Zeidler abandons his argument that the fee award is unreasonable, but renews his argument that the license agreement is unenforceable because there was no meeting of the minds at its formation. This is so, according to Zeidler, because A&W committed fraud when it failed to warn him of its CEO's supposed belief that free-standing A&W restaurants are not viable. But we already considered and rejected Zeidler's fraud argument when he presented it on appeal from the district court's grant of summary judgment. *See Zeidler*, 219 F. App'x at 499. Our conclusion that Zeidler could not demonstrate fraud is now the law of the case, and Zeidler has provided no compelling reason for why we should revisit that ruling at this stage. *See Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Zeidler also argues that the license agreement is unenforceable because, he says, A&W admitted in its appellate brief defending the summary judgment ruling that it never intended to comply with state disclosure laws. But A&W made no such admission in its brief; it simply argued that compliance with federal disclosure laws is a complete defense to Zeidler's claim of nondisclosure under the Illinois Consumer Fraud Act.

Because Zeidler has not shown that the district court abused its discretion in enforcing the license agreement's fee provision and awarding A&W its fees and costs, we AFFIRM.