NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 29, 2008[*]
Decided January 22, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 07-3858 & 08-1134

|  |  |
|---|---|
| JAMES A. ZEIDLER, | Appeals from the United States District Court for the Northern District of Illinois, |
| *Plaintiff-Appellant*, | Eastern Division. |
| *v.* | No. 03 C 5063 |
| A&W RESTAURANTS, INC., | Wayne R. Andersen, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

These cases come before us for a third time.  James Zeidler sued A&W Restaurants, Inc. ("A&W") for wrongful termination, breach of its license agreement, and fraud.  The district court granted A&W summary judgment in July 2006, and we affirmed.  *See Zeidler v. A & W Rests., Inc.*, 219 F. App'x 495 (7th Cir. 2007) (unpublished order).  In March 2007,

---

[*]  These successive appeals have been submitted to the original panel under Operating Procedure 6(b).  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

pursuant to the fee-shifting provision in the license agreement, the court awarded A&W $170,750.10 in attorney's fees and $4,839.55 in costs. Between March 2007 and our affirmance of the court's fee award four months later, *see Zeidler v. A&W Rests., Inc.*, 230 F. App'x 615 (7th Cir. 2007) (unpublished order), A&W negotiated with Zeidler to develop a plan to satisfy the fee award by relinquishing his ownership of a piece of commercial property. But during negotiations Zeidler filed a motion to sanction A&W for bad faith and attempted extortion because, he believed, A&W was forcing him to give the company more than he owed. The district court, finding that A&W had "demonstrated considerable patience with the plaintiff's efforts to sell the piece of commercial property in order to satisfy the judgment," denied Zeidler's motion. Soon thereafter the court granted a motion by A&W for declaratory relief, which subjected the commercial property to levy and execution. Zeidler appeals both rulings.

Zeidler argues on appeal that the district court abused its discretion by denying his motion to sanction A&W and granting A&W's motion for declaratory relief. He again contends that A&W attempted to extort from him his piece of commercial property by offering to sell it for him and retain the entire proceeds, even if that exceeded the judgment amount. And Zeidler argues that his property cannot be subjected to levy and execution because of its special-use permits, and because A&W has unclean hands as a result of its attempted extortion.

We review both rulings for abuse of discretion. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). As to the denial of sanctions, the district court acted well within its discretion. Zeidler sent A&W an email on June 13, 2007, offering to "turn over" the property. A&W's response on June 29, which forms the basis of Zeidler's complaint, proposes that A&W acquire and sell the property, applying "the proceeds to [the] satisfaction of the judgment." Even if Zeidler was confused by some of the language in the exchange, this back-and-forth between Zeidler and A&W typifies a negotiation to a lawful end, not bad faith or extortion. At all times, Zeidler retained the right to reject A&W's proposal. *See, e.g., Oxxford Clothes XX, Inc. v. Expeditors Intern. of Washington, Inc.*, 127 F.3d 574, 579 (7th Cir. 1997) ("The hallmark of duress or extortion is that the victim has no feasible legal remedy.").

As to Zeidler's argument that the district court should have denied A&W's motion for declaratory relief, his contention that A&W has unclean hands is premised on the same (unsubstantiated) allegations raised in his motion for sanctions. Furthermore, the special-use permits attached to the property simply provide that the sale of the property will result "in the termination of the special use permit granted herein." This in no way renders the purchase of the property illegal.

AFFIRMED.